UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-32-WBS |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| FAYTH SHAMARIAH JONES, DONALD CONFERLETE CARNEY, AND JONTE DEON SCOTT, | |
| Defendant. | |

----oo0oo----

Defendant Donald Conferlete Carney has moved to dismiss the indictment in this action as against him based upon alleged violations of the the Speedy Trial Act, 18 U.S.C. § 3161.[1]

---

[1] Defendant has only asked that the dismissal be without prejudice, and at oral argument counsel acknowledged that there would be insufficient grounds to justify a dismissal with prejudice. Thus, even if the court were to grant defendants' motion, the government would be free to seek reindictment of defendants on the same charges, and given the circumstances of this case, it is inconceivable that the government would not choose to do so.

1

1 Defendant Jonte Deon Scott has joined in that motion.  (Docket
2 Nos. 79, 86.)[2]  Defendants argue that three periods of time were
3 improperly excluded from the court's calculation of the Act's 70-
4 day speedy trial clock, specifically (1) November 9, 2020 through
5 December 14, 2020; (2) December 14, 2020 through January 19,
6 2021; and (3) January 19, 2021 through January 25, 2021.  The
7 court held a hearing on the motion on April 12, 2021, at which
8 defendants conceded that they could not prevail on their motion
9 unless the court found that all three exclusions were improper.

I.   Orders of the Eastern District and the Ninth Circuit

Because of the COVID-19 crisis, since March 17, 2020, all federal courthouses in this district have been closed to the public, pursuant to General Orders issued by the Chief Judge of this court.  See General Orders 611, 612, 617, 618.  General Orders 611 and 617 specifically stated that no jurors would be called in for service in any jury trials and continued all jury trials pending further order of the court.  As of today, no federal jury trials have been held in this district since March 17, 2020.

These General Orders by themselves allow for exclusion of time as a result of the pandemic without any further findings being required.  General Order 611 states that "[t]he time period of any continuance entered in a criminal case as a result of this order **shall** be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the court finds based on the recitals above [in

---

[2] For convenience, the court refers to defendants Carney and Scott as "defendants", though defendant Fayth Shamariah Jones did not join in her co-defendants' motion.

2

this Order] that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial."  General Order 611 also excluded March 17, 2020 to May 1, 2020 from the Speedy Trial Act calculation, with General Orders 612, 617, and 618 subsequently allowing further continuances and exclusions of time "with additional findings to support the exclusion in the Judge's discretion."

Moreover, on April 16, 2020, the Judicial Council of the Ninth Circuit approved and extended Chief Judge Mueller's declaration of a judicial emergency in the Eastern District of California pursuant to 18 U.S.C. § 3174 and ordered the time limits of 18 U.S.C. § 3161(c) suspended until May 2, 2021.  See In re Approval of the Judicial Emergency Decl. in the E. Dist. of Cal., 956 F.3d 1175 (9th Cir. Judicial Council 2020).

Since the onset of the pandemic it has been the practice of the United States Attorney in this district to request that the court make additional findings justifying an exclusion of time specific to each individual case.  While this court has agreed to do so, it has never regarded such findings to be necessary.  The court has always considered the General Orders and the Ninth Circuit Judicial Council's Order by themselves to provide a sufficient basis to support the exclusion of time during the periods specified in those orders.  Any additional findings are made merely to emphasize the need to exclude time and provide an alternative ground for the exclusion.

The Federal Defender argues that neither the General Orders, the Judicial Council's Order, nor the COVID-19 pandemic may be considered in justifying the court's findings of

3

excludable time during the relevant periods because the court did not specifically refer to them at the time it made its findings. Maybe it would have been better if the court had expressly referred to them, but the court frankly did not think that was necessary at the time.  If there was anything that everybody in that virtual courtroom was acutely aware of at the time it was that we were in the middle of a worldwide pandemic and that no cases were being set for trial until circumstances changed dramatically.

It is true that on several occasions after March 17, 2020, while one or more of the General Orders were in effect, the court did set cases for trial.[3]  To be perfectly honest, there was no realistic expectation on the part of the court that those cases would actually go to trial on those dates, and the court believes that none of the parties to those cases had such an expectation either.  The only justification for that practice which the court can offer now is that we were just figuratively "kicking the can down the road".  The court as well as the litigants were in unchartered territory with the pandemic, circumstances seemed to be changing literally from month to month, and we hoped that by setting a case for trial it might reserve a place in the queue for that case if and when the court opened up for jury trials again.  To the extent that such practice may have misled some defendants into thinking their

---

[3] For example, in this case the court set a January 19, 2021 trial date "just in case things have cleared up in the COVID situation and just in case the Court can accommodate a trial of this case on that date."  (Docket No. 88 at 22.)

4

cases would actually be tried when set, in hindsight that practice was a mistake and the court should not have created such an impression.

Just so it is clear, the court now finds that time should have been excluded during the three relevant time periods at issue here as a result of the COVID-19 pandemic, the court's General Orders, and the Judicial Council's Order.[4]  Regardless of anything the court could have said or not said, or done or not done, at the time, as a practical matter, no defendant in the Eastern District of California would have been able to proceed to trial, even assuming they were prepared to do so, at any point from March 2020 to the present since the courthouses were closed. Defendants' purported desire to proceed to trial in January 2021 or any other time cannot change this fact.  This unfortunate and unavoidable inability to conduct jury trials, as recognized in this court's General Orders and the Judicial Council's Order, during all relevant time periods warrants exclusion of time during those time periods.  Accordingly, the motion to dismiss will be denied on that basis.

///

---

[4]    The court notes that while it did not explicitly reference the General Orders at the November 9, 2020 status conference, it did explain that "right now we're unable to begin trials for reasons that have been explained" in orders issued by the undersigned and other judges in this district.  (Docket No. 88 at 8.)  Moreover, the Findings and Order prepared by the United States Attorney and signed by the court formalizing the exclusion of time from November 9, 2020 to December 14, 2020 made reference to the "ongoing COVID-19 Pandemic [and] the General Orders of this court related to the operation of the courts during the COVID-19 Pandemic."  (Docket No. 40 at 2.)

5

II.  Contested Exclusions

Even without the General Orders or the Judicial Council's Order, defendants' motion lacks merit, because the court finds that all the exclusions at issue were proper under 18 U.S.C. § 3161(h)(7)(A).

A.   First Exclusion: November 9, 2020 to December 14, 2020

Notwithstanding defendants' objections, the court finds that it properly excluded time from November 9, 2020 to December 14, 2020 after a discussion with counsel on the record at a status conference held November 9, 2020.  While defendants initially requested that the court set a trial and expressed a desire to "withdraw a waiver of speedy trial", the court proceeded to discuss the feasibility of a January 19, 2021 trial date.

Counsel for the government stated that he believed additional time was needed for defendants to receive and review discovery and prepare for trial.  William McPike, prior counsel for defendant Carney, eventually represented that "I think we can be ready on January the 19th."  The court then asked, "So it sounds to me like that would be the time that would be excluded for trial preparation, right?", to which Mr. McPike answered "Right." John Garcia, counsel for defendant Scott, then stated "I am going to concur with Mr. McPike about the date of January 19th" and explained that date was possible assuming certain discovery requests were complied with, though he also requested a status conference before the trial date.  (Docket No. 88 at 18-19.)  It was clear that defense counsel needed additional time to prepare for trial.  Although the government argued this necessity

6

more directly and forcefully than defense counsel, and Mr. McPike did not appear to have a full understanding of the mechanics of the Speedy Trial Act, defense counsel did not object to the government's characterization, and they agreed with the court when it asked whether time before trial should be excluded for trial preparation.

Based on counsels' representations, the court could have easily excluded time until January 19, 2021, but instead set a status conference for December 14, 2020, a date agreed upon by all parties, and only excluded time up to that date for the reasons stated on the record.  No party objected to this exclusion of time, which was memorialized in a written order prepared by the government after the hearing, noting the need for defense counsel to acquire and review discovery, discuss it with their clients, prepare pretrial motions, and otherwise prepare for trial, as well as the ongoing COVID-19 pandemic.  (Docket No. 88 at 19-21; Docket No. 40.)

Under these circumstances, the court did not err in finding that the time from November 9, 2020 to December 14, 2020 should be excluded under the ends of justice exclusion of § 3161(h)(7)(A).

B.   Second Exclusion: December 14, 2020 to January 19, 2021

The court next rejects defendants' contention that it improperly excluded time from December 14, 2020 to January 19, 2021.  The Speedy Trial Act excludes reasonable delays resulting from the joinder of a defendant with a codefendant whose 70-day period has yet to run.  United States v. Messer, 197 F.3d 330, 336 (9th Cir. 1999) (citing 18 U.S.C. § 3161(h)(7)).

Here, excluding time for defendant Jones was not only reasonable but compelled under the circumstances. While counsel for Carney and Scott both objected to an exclusion of time at the December 14, 2021 status conference, Jared Thompson, counsel for defendant Jones, had only appeared in the case a few weeks prior when Jones was arraigned.[5] Mr. Thompson also stated on the record at the hearing that he would not be ready for trial on January 19, 2021, because he needed additional time to review discovery, to allow experts to review certain discovery, and to possibly resolve the case against his client. Allowing a newly-added defendant a little over a month of additional time to prepare for trial is not excessive, in the court's view.[6]

Moreover, defendants Carney and Scott have never moved to sever their cases from Jones' in response to Thompson's representations that his client could not proceed to trial in January. Finally, as the court has observed, there was no possibility of this case going to trial in January 2021 given the COVID-19 pandemic, and thus defendants suffered no prejudice.[7]

---

[5] While transcripts have not been produced for the December 14, 2020 and January 19, 2021 status conferences, the court has reviewed audio recordings of the conferences.

[6] Perhaps the court could have cross-examined Mr. Thompson more thoroughly on his reasons for needing additional time to prepare, but at that time the court felt that his representations as an officer of the court were sufficiently specific, especially in light of the brief period of time that had passed since his appearance in this case.

[7] Quite to the contrary, when at the conclusion of the hearing on the present motion the court announced that the case would finally be set for trial to begin on June 9, 2021, after the target date for the court to reopen on the first of June, Carney's present counsel argued she could not be ready for trial

Given the lack of prejudice shown by defendants Carney and Scott, and under the totality of the circumstances, an exclusion of time from December 14, 2020 to January 19, 2021 was reasonable, notwithstanding the objections of Carney and Scott.  See Messer, 197 F.3d at 336-40.

        C.    Third Exclusion: January 19, 2021 to January 25, 2021

The January 19, 2021 status conference was supposed to be a continuation of the December 14, 2020 conference after Mr. Thompson's first appearance.  It was not until the court walked into its empty courtroom and looked at the computer screen in front of the bench that it became aware that neither Mr. Carney nor his attorney had showed up for the hearing.  Everything the court did after that was for the sole purpose of accommodating Mr. Carney and his lawyer in the spirit of working through this national crisis.  Any attempt to characterize it otherwise is a distortion of the facts.

At the outset of the hearing, Mr. Garcia announced his appearance for defendant Scott and also stated that he was specially appearing for Mr. McPike and defendant Carney. Specifically, he represented that Mr. McPike was in an area where electricity had been shut off due to high winds, and that defendant Carney was unavailable as a result of a positive COVID-19 test and was waiving his appearance.[8]  The court took Mr.

---

by then.  So if he even thinks he cannot be ready for trial by June, it stands to reason that Carney would not have been prejudiced by the failure to set his trial to begin five months earlier.

    [8]    The court stated it assumed that meant that Mr. Carney was waiving his appearance not only personally but by video for

9

1  Garcia at his word and assumed he had spoken to Mr. McPike and/or
2  defendant Carney and had authority to appear on their behalf.
3         Nevertheless, when the United States Attorney informed
4  the court that it was his understanding that defendant Carney
5  intended to appear on that date and ask to have the Federal
6  Defender substituted as his attorney, the court *sua sponte*
7  expressed its concern that it could not proceed in light of their
8  absences and inquired whether Mr. McPike could be reached via
9  telephone.  When Mr. Garcia replied that he could try to reach
10 Mr. McPike by cell phone, before the court could reply, the
11 United States Attorney interjected with a proposal to continue
12 the status conference for a week and suggested that Mr. Garcia
13 had authority to agree to such a continuance on behalf of Mr.
14 McPike and defendant Carney, without objection from Mr. Garcia.
15 Mr. Garcia and Mr. Thompson then agreed to a continuance and did
16 not object to a one-week exclusion of time, with Mr. Garcia
17 saying specifically that he had no objection, including on behalf
18 of Mr. McPike.
19         The Federal Defender now complains that "Mr. Carney's
20 interests were unrepresented" at the hearing, that "the record
21 does not reflect that an attempt was made to have Mr. Carney's
22 counsel appear telephonically", that "no finding was made that
23 Mr. Carney's counsel's telephonic appearance was impossible",
24 that "no hearing was special set for the next day or later in the

---

that limited hearing.  Nobody objected or took issue with that stated assumption.  However, it now appears that while Mr. McPike did submit a waiver of appearance for Mr. Carney before the January 19, 2021 status conference, it only waived his right to be present in person.  (Docket No. 59.)

10

week to address the issue", and that "those present were not aware of how Mr. Carney or his counsel wished to proceed." (Docket No. 79 at 21-22.)  Those allegations are hardly a fair or accurate reflection of what actually happened.

First, it certainly did not appear to the court that "Mr. Carney's interests were unrepresented." At the very beginning of the proceeding, after announcing his appearance for Mr. Scott, Mr. Garcia volunteered, "Your Honor, I am also going to be appearing specially for Mr. McPike and for his client Mr. Carney." When the United States Attorney later noted that "Mr. Garcia is here appearing on behalf of Mr. McPike and Mr. Carney and I think has authority to put it over for a week," Mr. Garcia did not contradict that representation or step in to disagree with it.  If attorneys cannot be trusted not to allow the court to be misled, our criminal justice system is in a sorry state.

Second, the reason "the record does not reflect that an attempt was made to have Mr. Carney's counsel to appear telephonically" is that present counsel apparently did not make any effort to have a record of the proceedings transcribed.  If counsel had gone to the trouble to get such a transcript, she would have learned that the court expressly asked Mr. Garcia, "Mr. McPike is a victim of the winds, but does that mean that he doesn't have access by some sort of computer **or cell phone**?" Thus, contrary to counsel's accusation, the court did make an effort to have Mr. McPike appear telephonically.

In response to the court's question, Mr. Garcia said that if the court wanted to delay the proceeding a moment he would call and see if he could make contact with Mr. McPike.  The

11

court would have been more than willing to take the time to have Mr. Garcia make that call.  It was only because the United States so quickly interjected with his suggestion to put the matter over a week, and that all parties appeared to join in that suggestion, that the court did not have Mr. Garcia go ahead with that call.

Third, counsel's complaint that "no finding was made that Mr. Carney's counsel's telephonic appearance was impossible" in disingenuous.  No such finding was made because everybody present, including the attorney who represented that he was appearing for Mr. Carney's counsel, agreed on another course of action.  Presumably, if Mr. McPike could have appeared by telephone he would have appeared by telephone.  Nothing was stopping him.  Or he would have at least called the clerk himself to advise of his predicament.  He did neither.

Fourth, the reason "no hearing was special set for the next day or later in the week" was that the parties requested a different date.  January 19 was a Tuesday, so if the court were to continue the hearing to a date later in the week it would have had to be on that Wednesday, Thursday, or Friday.  All of the attorneys at that time were retained.  In the court's experience, private counsel typically have obligations to other clients and other courts which preclude their being at the beck and call of this court at all times.  Even assuming the court would have been available on one of the next three days, it did not seem unreasonable to grant counsel's joint request to put it over an extra day to the following Monday.  In hindsight, if the Federal Defender now thinks it was so important, the court could have made further inquiry of all counsel whether they could appear one

12

to three court days earlier.  It would have made no difference in anything.

Finally, if "those present were not aware of how Mr. Carney or his counsel wished to proceed," the court certainly did not know that.  If Mr. McPike did not tell the attorney who purported to appear on his behalf how he wanted to proceed, no one told the court.  The court made the assumption that the fact that both the defendant and his attorney had been prevented from making even a virtual appearance due to circumstances beyond their control justified a finding of excludable time of less than a week to give them time to appear.  All parties present, including the attorney who purported to appear for Mr. McPike, voiced their agreement.  If that was wrong, *mea culpa*.  It was at most an inconsequential error.  Next time the court will not be so generous in granting the parties' suggestions for continuances.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Docket Nos. 79, 86) be, and the same hereby are, DENIED.

AND IT IS FURTHER ORDERED that as the ends of justice served by excluding time outweigh the best interest of the public and defendants in a speedy trial, given the pandemic and the suspension of jury trials in this district as a result of the pandemic, the time from the date of this Order to June 9, 2021, the date upon which this case is now set for trial, is hereby excluded under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A); General Orders 611, 612, 617, and 618; and In re Approval of Judicial Emergency, 956 F.3d at 1177.

Dated:  April 15, 2021

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE