HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
FAYTH SHAMARIAH JONES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr. S 20-32-01 WBS |
| Plaintiff, | **STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| FAYTH SHAMARIAH JONES, | RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |
| Defendant. | Judge: The Honorable WILLIAM B. SHUBB |

Defendant, FAYTH SHAMARIAH JONES, by and through her attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). *See* Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level

reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a);

3. On May 4, 2023, this Court sentenced Ms. Jones to a term of 41 months imprisonment;

4. Ms. Jones's total offense level was 22, her criminal history category was I (having no criminal history points), and the resulting guideline range was 41 to 51 months. Ms. Jones' was not subject to the statutory mandatory minimum term of imprisonment for the reason set forth in the Statement of Reasons, page 1 at § II.B;

5. The sentencing range applicable to Ms. Jones was subsequently lowered by the zero-point provision;

6. Ms. Jones is eligible for a reduction in sentence, which reduces her total offense level by 2 from 22 to 20, resulting in an amended advisory guideline range of 33 to 41 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Ms. Jones's term of imprisonment to 33 months. If the amount of time served as of the effective date of the Court's order exceeds 33 months, the sentence should instead be reduced to a sentence of time served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

The following statements are provided by Ms. Jones and the United States, respectively, and are not part of the parties' stipulation:

1. <u>Ms. Jones's statement regarding the stipulation</u>: Defendant's counsel enters into this stipulation after having examined the pertinent documents, including the plea agreement, the presentence report, statement of reasons, and judgment, and speaking with the defendant personally. Ms. Jones's projected release date is May 3, 2025. Ms. Jones was released pretrial on a $50,000 unsecured bond on December 1, 2020, and remained on that status until she was permitted to self-surrender post-sentencing two-and-a-half years later, on July 26, 2023. ECF 47, 194. She was subject to random drug testing and had all negative tests. She attended substance abuse and mental health counseling, and successfully completed 478 days in the program. She maintained a stable residence, checked in with pretrial services as directed, and

maintained stable employment.  PSR at 3, ¶ 3.  Critically, as acknowledged in the *government*'s sentencing memorandum, Ms. Jones "is not a danger to the public and has demonstrated that through her lack of criminal history and, importantly, her willingness to comply with supervisory conditions for more than two years, complete substance abuse and mental health counselling, and maintain steady employment throughout that time."  ECF 191 at 4:12-15.  While in prison, Ms. Jones was selected for the GROW Program, she is in the residential drug and alcohol program, she has completed courses on finances, trauma and life, as well as college classes.  She is employed as the prison barber.  She is participating in community service and has lost 40 pounds.  She has no prison disciplinaries.  She has a job offer on release and has gained numerous job skills, including communication, administration, customer service, and operations.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK

2. <u>United States' statement regarding its stipulation</u>:

Defendant was convicted of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 193. Defendant was responsible for 25 kilograms of methamphetamine. PSR ¶ 19. The United States enters into this stipulation after reviewing the Presentence Investigation Report; government's sentencing memorandum, ECF No. 191; Statement of Reasons ("SOR"); Judgment, ECF No. 193; defendant's Bureau of Prisons ("BOP") disciplinary history, and after consultation with the prosecuting Assistant United States Attorney. At sentencing, the government opposed the defendant's request for a downward departure and recommended a sentence at the low end of the applicable guideline range, a sentence of 41 months in prison. The government contended that a sentence at the low end of the guideline range appropriately balanced the section 3553(a) factors including, the seriousness of the offense, Jones' attempt to evade police, and the fact that Jones had demonstrated that she was not a danger to the public based on her lack of criminal history and willingness to comply with pre-trial supervisory conditions for more than two years. ECF No. 191 at 4 (detailing Jones' compliance). According to Bureau of Prison records, Jones has no sustained disciplinary incidents during her time in custody.

Respectfully submitted,

Dated:  May 8, 2024                                Dated:   May 8, 2024

PHILLIP A. TALBERT                                 HEATHER E. WILLIAMS
United States Attorney                             Federal Defender

 /s/ *Shelley D. Weger*                             /s/ *David M. Porter*
SHELLEY D. WEGER                                   DAVID M. PORTER
Assistant U.S. Attorney                            Assistant Federal Defender

Attorney for Plaintiff                             Attorney for Defendant
UNITED STATES OF AMERICA                           FAYTH SHAMARIAH JONES

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Ms. Jones is entitled to the benefit of Amendment 821, Part B, Subpart 1, the new zero-point provision, which reduces the total offense level from 22 to 20, resulting in an amended guideline range of 33 to 41 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in May 2023 is reduced to a term of 33 months.  If the amount of time served as of the effective date of the Court's order exceeds 33 months, the sentence is instead reduced to a sentence of time served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Ms. Jones shall report to the United States Probation Office within seventy-two hours after her release.

Dated:  May 13, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE